UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:06-mj-0161-RJJ |
| vs. | ) | **O R D E R** |
| ROSEANNA PELLA, | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant's Motion to Seal Documents (#9) and the Government's Response in Opposition (#10).

## BACKGROUND

On March 27, 2006, Defendant Roseanna Pella (Pella) was charged with Intentionally Accessing a Protected Computer Without Authorization With the Intent to Cause Damage, in violation of 18 U.S.C. §1030(a)(2) and (a)(3). Complaint (#2). Shortly thereafter, Pella entered into a pre-trial diversion agreement with the Government. Notice of Pretrial Diversion (#4). The agreement deferred prosecution and promised dismissal of the complaint if Pella met certain conditions and requirements. Pretrial Diversion Agreement (#5). Pella met the requisite conditions and requirements and the Complaint was dismissed. Order of Dismissal (#7).

Pella now seeks to seal all documents concerning her case. These documents are being accessed by prospective employers who are denying Pella opportunities after reviewing the documents. See Email from Jennifer Wilkin to Roseanna Pella Revoking Employment Offer, dated March 12, 2012, attached as Exhibit A to Defendant's Motion to Seal (#9).

///

///

**<u>DISCUSSION</u>**

There is a "strong presumption" in favor of access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2008). To overcome this presumption, the party seeking to seal judicial records must provide compelling reasons supporting the request. *Kamakana*, 447 F.3d at 1180. "That is, the party must 'articulate compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kawakana*, 447 F.3d at 1178-79 (internal citations omitted).

There are multiple reasons which qualify as "compelling" for purposes of sealing exhibits to a dispositive motion including: (1) the need to protect "traditionally kept secrets" (*Kawakana*, 447 F.3d at 1184)(identifying two types of documents as 'traditionally kept secrets': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation.); (2) the need to protect sensitive personal and medical information (*see Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170 *1 (D. Ariz.) (allowing the defendant to file exhibits under seal where they contained "sensitive and personal medical information)); (3) the need to protect proprietary information (*see Network Appliance, Inc. v. Sun Microsystems, Inc.*, 2010 WL 841274 (N.D. Cal)); and (4) the need to honor the attorney-client privilege and the work-product doctrine (*see Asdale v. International Game Technology*, 2010 WL 2161930 (D. Nev.) ("The public interest in accessing the courts does not outweigh the compelling need to ... honor the attorney-client privilege and the work-product doctrine.")).

Here, the only reason offered in support of this request is that potential employers will not understand the diversion process and believe she is someone convicted of the offense. However, this, standing alone, is insufficient to support a finding in favor of sealing all documents in this case. Pella has not met her burden to provide a sufficiently compelling reason to overcome the presumption in favor of access to judicial records.

///

///

///

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Seal (#9) is **DENIED**.

DATED this  24th  day of October, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge